This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Rodney Sales, appeals the decision of the Summit County Court of Common Pleas, which convicted him, sentenced him to prison for ten years, and adjudicated him a sexual predator. This Court affirms.
 I.
{¶ 2} Appellant and the victim in this case met in the summer of 1998 and proceeded to date, which involved sexual relations, for the next three years. In November of 2001, the victim broke up with appellant, who did not want to end their dating relationship. According to the victim, the two remained friends and occasionally interacted with each other as such.
{¶ 3} In January of 2002, the victim began dating another man, Ronald Brown. The weekend of January 20, 2002, the victim spent the weekend with her boyfriend. She returned to her father's house, where she resided, around 10 p.m. that Sunday evening to be home when her daughter returned home. After the victim arrived home, her boyfriend called and while she was on the phone with him appellant came to the house and asked her for a cigarette. Appellant asked her if she was on the phone with her boyfriend and the victim said no, put the phone down, and went upstairs to get a cigarette for appellant.
{¶ 4} When the victim returned downstairs, appellant became enraged at her, began yelling at her, and attacked her in her home. Appellant repeatedly punched and hit the victim's face and head. He attempted to choke her with his hands. Appellant stopped his attack and asked the victim if she wanted to have sex and she told him no. Appellant then ordered the victim to take down her pants and he forced his penis into her vagina. After he finished, appellant then told the victim he wanted her to come to his house, which was down the street, so he could show her some paperwork. Fearing trouble for her daughter and father, the victim went with appellant.
{¶ 5} Once they arrived at appellant's house, he became enraged and again began physically attacking the victim, punching, hitting and choking her. In the interim, Mr. Brown called 911. As the police arrived and appellant became distracted, the victim escaped and ran back home. The police arrested appellant and the victim was examined and treated for her injuries at the hospital.
{¶ 6} Appellant was indicted for one count of kidnapping, in violation of R.C. 2905.01(B)(1)(2), one count of rape, in violation of R.C. 2907.02(A)(2), and one count of assault, in violation of R.C.2903.13(A). The case went to jury trial; the jury returned verdicts of guilty as to the rape and assault, and a verdict of not guilty as to kidnapping. The trial court sentenced appellant to ten years in prison for rape and six months in prison for assault, with the sentences running concurrently. The trial court also found appellant to be a sexual predator.
{¶ 7} Appellant timely appealed and sets forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
{¶ 8} "THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 9} In his first assignment of error, appellant argues that his rape conviction was against the manifest weight of the evidence. This Court disagrees.
{¶ 10} In reviewing whether a conviction is against the manifest weight of the evidence, this Court reviews the entire record and "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. Furthermore, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
{¶ 11} Appellant argues that the victim had several inconsistencies in her testimony and that the other witnesses were not able to corroborate the victim's testimony in its entirety; therefore, the jury clearly lost its way when it found appellant guilty of rape. Although appellant points out inconsistencies in the victim's memory of details, such as whether or not she had shoes on during the rape or whether or not appellant actually talked to her boyfriend on the phone at her home before the rape occurred, this Court refuses to overturn the verdict because the jury believed the victim. It is well settled that "when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757.
{¶ 12} R.C. 2907.02(A)(2) provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." The victim testified that appellant kept punching and slapping her face and head, and grabbed her neck and was choking her in her home. She testified that he stopped beating her and then asked her to have sex with him. She testified that she told appellant no, but that he ordered her to take her pants down and in fear for her life she did what appellant ordered. The victim testified that appellant inserted his penis into her and raped her by the front door of her home. When she was asked why she "let that occur", the victim stated, "I wanted to comply with whatever he was saying because I was in fear of my life."
{¶ 13} In addition to the victim's testimony, Officer Hamidi testified that he observed the victim hysterical and crying, with physical injuries to her face, specifically swelling and scratches to her eye and lip areas. Ms. Bunnell, the forensic nurse who examined the victim at the hospital the night of the incident, testified extensively about the physical injuries the victim sustained from appellant. Furthermore, the trial court instructed the jury to regard the following stipulation between the parties as conclusively proven evidence in the case:
{¶ 14} "The State submitted the rape protocol kit of Sherri Jones to the Ohio Bureau of Criminal Identification. Semen was found on the vaginal swab taken from the victim. The DNA from the semen was compared to the DNA from the blood sample taken from the defendant. The DNA from the semen found on the victim was consistent with the DNA from the defendant's blood."
{¶ 15} Given the above facts, this Court cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that appellant's conviction for rape must be reversed. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
{¶ 16} "THE COURT FAILED TO FOLLOW SENTENCING GUIDELINES AND ERRED IN IMPOSING ITS SENTENCE."
{¶ 17} In his second assignment of error, appellant argues that the trial court erred by not following the proper sentencing guidelines and in imposing the maximum sentence for his rape conviction. This Court disagrees.
{¶ 18} R.C. 2929.14(B)(2) provides that a trial court may impose more than the minimum prison term authorized for a felony offense where "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Furthermore, R.C. 2929.14(C) provides that the trial court must find an offender falls under one of the following four categories before it may impose a maximum sentence: offenders who commit the worst forms of the offense, offenders who pose the greatest likelihood of committing future crimes, certain major drug offenders under R.C. 2929.14(D)(3), or certain repeat violent offenders in accordance with R.C. 2929.14(D)(2).
{¶ 19} In the present case, when the trial court sentenced appellant, it articulated that appellant poses the greatest likelihood of committing future crimes. The trial court stated the following at the sentencing hearing:
{¶ 20} "The Court will impose as to the rape, felony of the first degree, based on all I have seen and observed in trial and based on what I have in the PSI, defendant's prior record, determine ten years in the Ohio Department of Corrections. In this particular case, I will find the maximum sentence is appropriate because the defendant possesses the greatest likelihood of committing future crimes by virtue of his prior record which includes numerous charges and convictions for assault and based upon his conduct here in court today, and based upon his conduct in the Summit County jail."
{¶ 21} The trial court also provided a list of reasons it imposed a maximum sentence upon appellant for rape in its sentencing journal entry:
{¶ 22} "The Court further finds the following pursuant to O.R.C.2929.12(B):
{¶ 23} "(1) Physical harm to a person;
{¶ 24} "(2) Served prior prison term;
{¶ 25} "(3) Relationship with victim facilitated offense;
{¶ 26} "(4) Long history of criminal convictions or delinquency adjudications;
{¶ 27} "(5) Has not responded favorably to sanctions previously imposed;
{¶ 28} "(6) No genuine remorse;
{¶ 29} "(7) A minimum sentence would demean the seriousness of the offense and does not adequately protect the public;
{¶ 30} "(8) Offender poses the greatest likelihood of committing future crimes;
{¶ 31} "The Court further finds the Defendant is not amenable to community control and that prison is consistent with the purposes of O.R.C. 2929.11."
{¶ 32} After careful review of the record, this Court cannot find that the trial court erred by not following the proper sentencing guidelines and in imposing the maximum sentence for his rape conviction. Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
{¶ 33} "THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR PURSUANT TO R.C. 2950.09 AS THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE FINDING."
{¶ 34} In his third assignment of error, appellant argues that the trial court erred in finding him to be a sexual predator pursuant to R.C. 2950.09 as there was insufficient evidence to support the finding. This Court disagrees.
{¶ 35} This Court has determined that sexual predator adjudications must be reviewed using a clearly erroneous standard. SeeState v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002. The Unrue court stated:
{¶ 36} "[A] sexual predator adjudication will not be reversed if there is `some competent, credible evidence' to support the trial court's determination. See State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41 (`We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence.'(Citations omitted.)); State v. Gibson, 4th Dist. No. 01CA19, 2002-Ohio-5232, ¶ 9.
{¶ 37} "The clearly erroneous standard is appropriate in light of the two-part analysis that the trial court must conduct in reaching a determination that a defendant is a sexual predator. The two-part analysis is compelled by R.C. 2950.01(E), which defines a `sexual predator' as a person who `has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.' According to R.C.2950.01(E), the initial inquiry in adjudicating a defendant a sexual predator is whether the defendant has been convicted of or pleaded guilty to a sexually oriented offense. This is a question of law. The next inquiry is whether the defendant is likely to reoffend; this is a question of fact. The trial court must be presented with evidence that clearly and convincingly proves both prongs. See R.C. 2950.09(B)(3).
{¶ 38} "Although the determination of whether a defendant is a sexual predator involves mixed questions of fact and law, an appellate court, in most cases, need only address the trial court's factual determinations; that is, an appellate court must address the issue of whether the defendant is likely to commit another sexually oriented offense. The Ohio Supreme Court has stated that when factual conclusions of a trial court are challenged, `the trial court is entitled to the same presumption of correctness that is accorded regarding other factual findings. An appellate court should not substitute its judgment for that of the trial court where some competent, credible evidence supports the trial court's factual findings.' Wisintainer v. Elcen Power Strut Co.
(1993), 67 Ohio St.3d 352, 354; see, also, State ex rel. BSW Dev. Groupv. Dayton (1998), 83 Ohio St.3d 338, 344, certiorari denied (1999),526 U.S. 1067, 119 S.Ct. 1460, 143 L.Ed.2d 546 (`Reviewing courts defer to a lower court's factual determination if it is supported by competent, credible evidence.')
{¶ 39} "Moreover, in Spinetti v. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113 this Court further explained that `[the clearly erroneous standard of review] is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent reversal. *** Thus, this Court is guided by a presumption that the findings of a trial court are correct, since the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weighing the credibility of the proffered testimony.' (Citations and quotations omitted.) Spinetti, at 7-8; see, also, Statev. Thomas (Aug. 4, 1999), 9th Dist. No. 98CA007058, at 4.
{¶ 40} "In sum, when applying the clearly erroneous standard of review to sexual predator adjudications, this Court must determine whether there exists some competent, credible evidence in the record that would clearly and convincingly support a conclusion that a defendant is likely to commit another sexual offense." Id. at ¶¶ 7-11.
{¶ 41} In determining whether an offender is likely to commit another sexually oriented offense, i.e., is a sexual predator, R.C.2950.09(B)(3) requires the trial court to consider all relevant factors including, but not limited to:
{¶ 42} "(a) The offender's *** age;
{¶ 43} "(b) The offender's *** prior criminal *** record regarding all offenses, including, but not limited to, all sexual offenses;
{¶ 44} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
{¶ 45} "(d) Whether the sexually oriented offense for which sentence is to be imposed *** involved multiple victims;
{¶ 46} "(e) Whether the offender *** used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
{¶ 47} "(f) If the offender *** previously has been convicted of or pleaded guilty to *** a criminal offense, whether the offender *** completed any sentence *** imposed for the prior offense *** and, if the prior offense *** was a sex offense or a sexually oriented offense, whether the offender *** participated in available programs for sexual offenders;
{¶ 48} "(g) Any mental illness or mental disability of the offender[;]
{¶ 49} "(h) The nature of the offender's *** sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
{¶ 50} "(i) Whether the offender ***, during the commission of the sexually oriented offense for which sentence is to be imposed ***, displayed cruelty or made one or more threats of cruelty;
{¶ 51} "(j) Any additional behavioral characteristics that contribute to the offender's *** conduct."
{¶ 52} This Court has held that the trial court need not refer to every factor under R.C. 2950.09 individually in the record when adjudicating a defendant a sexual predator. State v. Ford, 9th Dist. No. 21064, 2002-Ohio-7316. The Ford court stated:
{¶ 53} "While it is true that in making the determination whether a defendant is a sexual predator, all relevant factors including those listed in R.C. 2950.09(B)(3) are to be considered, the court is not required to mention the factors in its decision. The trial court does not need to demonstrate every factor before it can adjudge a defendant a sexual predator." (Citations omitted.) Id. at ¶ 23. The record in this case, when viewed in its entirety, makes it clear that the trial court fully complied with R.C. 2950.09(B)(3).
{¶ 54} The trial court stated the following in its sentencing entry:
{¶ 55} "Prior to the Defendant's sentencing hearing, the Court held the Defendant's sex offender status hearing in this matter as set forth in R.C. 2950.09. Upon consideration of the factors set forth in R.C. 2950.09 and the evidence presented herein, the Court FINDS by clear and convincing evidence that the Defendant engaged in acts which indicate he is a SEXUAL PREDATOR.
{¶ 56} "Pursuant to R.C. 2950.09(C), the Court therefore DETERMINES and ADJUDICATES that the Defendant is a SEXUAL PREDATOR[.]"
{¶ 57} At the sentencing hearing, the trial court noted several factors involved in its decision to adjudicate appellant a sexual predator. It stated it had "reviewed and considered the facts set forth under 2950.09 and the list therein. I will not restate all those various factors for the record. However, I have reviewed carefully, paid particular attention to offender's age, prior criminal record, which is considerable, and the nature of those prior offenses."
{¶ 58} Based on the record as a whole, this Court finds that the State met its burden of proving by clear and convincing evidence that appellant is likely to commit another sexually oriented offense. Moreover, we find that the trial court properly conducted the necessary analysis pursuant to R.C. 2950.01(E) and considered the factors pursuant to R.C. 2950.09(B)(3) in reaching its determination that appellant is a sexual predator. Appellant's rape conviction meets the initial legal inquiry involved in adjudicating him a sexual predator. Furthermore, the trial court's finding that appellant is likely to commit another sexually oriented offense is supported by competent, credible evidence. Therefore, the trial court did not err in adjudicating appellant a sexual predator. Appellant's third assignment of error is overruled.
 III.
{¶ 59} Accordingly, appellant's three assignments of error are overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BAIRD, J. CONCUR